IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 6 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

VERONICA VINCENT,

    Plaintiff,

v.

CITY OF CHICAGO; HAROLD
WASHINGTON COLLEGE; EZEKIEL
MORRIS, Realty Executive;
WILBUR WRIGHT COLLEGE; CHICAGO
ASS'N OF REALTORS, a/k/a REAL
ESTATE EDUCATION COMPANY,

    Defendants.

Case No. 04 C 7641

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Veronica Vincent (hereinafter, "Vincent") filed a six-count Complaint against the City of Chicago and other Defendants for copyright and service mark infringement (Counts I and II), false advertising (Count III), Illinois common-law unfair competition (Count IV), and Illinois deceptive business practices and deceptive trade practices violations (Counts V and VI). Defendant Wilbur Wright College (hereinafter, "Wright") and the Chicago Association of Realtors a/k/a Real Estate Education Company (hereinafter, "CAR" and "REEC") filed two separate motions to dismiss all Counts of the complaint.

### I. BACKGROUND

Plaintiff's Complaint states that Vincent, a licensed real estate agent, taught a class at several Chicago colleges called

"Smart Foreclosure Buying" for which she owned copyrights, registered in 1992 and 1994, on a book with the same title and a service mark. Vincent had an oral agreement with REEC, which allowed REEC to produce only enough books for their students and sell the book under its own cover, but pay Vincent 15% royalties. Vincent states that she terminated this agreement by writing in 2000. CAR purchased all of REEC's assets that same year. She claims that she had no problems with REEC until 2003 when she received a course brochure of the REEC real estate classes offered in summer 2003 that listed a home study course titled "Smart Foreclosure Buying." She also received a call from an REEC student who claimed to have attended an REEC class in January 2003 and bought a 1999 copy of the "Smart Foreclosure Buying" book under the REEC cover. Vincent contacted REEC/CAR sometime during the summer of 2003 and demanded they cease using her copyright and pay damages. In September 2003, REEC's course guide no longer listed "Smart Foreclosure Buying."

Vincent requests injunctive relief, damages, and costs. Vincent also seeks to have the Court withdraw accreditation approval for Defendants and suspend Defendants' Illinois licenses.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the

plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the Complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III. DISCUSSION

#### A. Wright's Motion to Dismiss

Wright's Motion to Dismiss argues that Vincent has failed to plead any facts or other allegations against Wright that would entitle her to relief if proven to be true. The Court agrees. Although Vincent names Wright as a defendant, the Complaint is devoid of any factual statements regarding Wright's violations of the allegations in Plaintiff's Complaint. The only direct mention of Wright is a statement that claims, "Wilbur Wright violated Vincent's copyright and service mark by example." (Complaint ¶ 33). This singular statement is not enough to satisfy even the most liberal interpretation of FED. R. CIV. PROC. 8. Accordingly, Wright's motion to dismiss is granted.

The same is true for Defendant City of Chicago. Beyond naming it as a Defendant, Plaintiff fails even to mention the City of

Chicago in her Complaint. Plaintiff has pled no facts or other allegations under which relief could be granted, and therefore the City of Chicago is dismissed as a Defendant in this case.

### B. CAR's (REEC) Motion to Dismiss

CAR moves to dismiss all six Counts of the Complaint. Taking Plaintiff's Complaint as true, the Court dismisses Counts II through VI, and denies CAR's motion as to Count I.

#### 1. *Copyright Infringement*

Plaintiff claims that CAR violated her valid copyright by using and selling her book, "Smart Foreclosure Buying" in 2003 without her authorization after she terminated their agreement in 2000. CAR first argues that Plaintiff's Complaint is technically deficient because she did not identify what the alleged infringed work is or how the work was infringed. The Court finds that Plaintiff's Complaint sufficiently alleges that the work is a book covered by two federally registered copyrights, TXU-514-195 and TXU-655-938, and that Defendant sold copies of her book without authorization in 2003. (Complaint at 6 and 8).

CAR also argues that the books it sold to students were legally held copies of Vincent's book that were produced prior to 2000 and were sold validly under the Copyright Act's "First Sale Doctrine." 17 U.S.C. § 109(a)(entitling "any person authorized by such [copyright] owner . . . without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy

or phonorecord"). Plaintiff's Complaint states that in 2003 a REEC student contacted her and "was sold a 1999 copy of 'Smart Foreclosure Buying' with REEC's cover." (Complaint ¶ 54). Even when construing all of Plaintiff's allegations as true, the First Sale Doctrine may bar Plaintiff's copyright infringement claim: that Plaintiff had an agreement with REEC from at least 1992 in which they could use and sell her book to students under their own cover and pay royalties to her; that she terminated her agreement with REEC in 2000; that she "had no problems with REEC during the years of 1992-2002"; and that REEC or CAR sold a 1999 copy of Plaintiff's book in 2003. (*See* Complaint at 8). Under this doctrine, CAR could have sold the 1999 copy to the student without Vincent's authorization if it was "lawfully made," or that the "copyright owner has transferred ownership of a particular copy." *Am. Int'l Pictures, Inc. v. Foreman*, 576 F.2d 661, 663 n.1 (5th Cir. 1978).

This defense, however, is more appropriate for a summary judgment motion because "the burden of proving that a particular copy was lawfully made or acquired rests on the defendant." *Id.* at 664. Plaintiff's Complaint does not concede that the *particular* 1999 book was lawfully made. (Complaint ¶ 48 (stating that "all editing, controls and ownership remain with Vincent")). CAR must show that Vincent sold the particular books to CAR or otherwise transferred ownership for the doctrine to apply. *ISC-Bunker Ramo*

*Corp. v. Altech*, 765 F. Supp. 1310, 1331 (N.D. Ill. 1990). The Court cannot make that determination at this time. Accordingly, CAR's motion is denied as to the copyright infringement claim.

### 2. *Service Mark Infringement and False Advertising*

CAR also argues that Plaintiff fails to set forth any specific statutory basis for her false advertising claim. Defendant is correct. However, because of the language in Plaintiff's Complaint (*see* Complaint ¶¶ 78-83) and the fact that the Court liberally construes a *pro se* pleading, *see Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), the Court finds that Plaintiff has sufficiently alleged a federal false advertising claim under Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

Plaintiff also alleges that pursuant to Section 1114, CAR violated her federally registered service mark (or trademark), titled "Smart Foreclosure Buying," by advertising and teaching a class with the same name. However, Plaintiff's Complaint fails to state her registered U.S. Patent and Trademark number or provide any other information that would allow the Court to infer that she holds a valid service mark. Although she does give the registrations for her copyright, a copyright does not protect names, titles, slogans, or short phrases. Those things, such as the phrase "Smart Foreclosure Buying," may be protected as trademarks registered with the U.S. Patent and Trademark Office.

To prevail on a claim under either section of the Lanham Act -- Sections 1114 or 1125 -- Vincent must show that she has "prior protectable rights in the trademark." *Microsoft Corp. v. V3 Solutions, Inc.*, No. 01 C 4693, 2003 WL 22038593, at *7 (N.D. Ill. Aug. 28, 2003). Accordingly, Counts II and III are dismissed as to all Defendants.

### 3. *Illinois Claims*

#### a. *Deceptive Trade Practices Act and Common-Law Unfair Competition*

Plaintiff also fails to state a claim under the Illinois Uniform Deceptive Trade Practices Act (the "DTPA"), 815 ILCS 510/2, for two reasons. First, the only remedy under the DTPA is injunctive relief and Plaintiff's Complaint concedes that CAR voluntarily ceased advertising "Smart Foreclosure Buying," negating the likelihood of future harm. *Greisz v. Household Bank*, 8 F. Supp. 2d 1031 (N.D. Ill. 1998), *aff'd*, 176 F.3d 1012 (7th Cir. 1999). Therefore, Plaintiff fails to state a claim for which the Court can grant relief.

Second, "[u]nder both State and Federal statutes, the principles of trademark law and the tests for infringement are the same . . . and the courts apply a single analysis to Federal, State, and common law claims." *Tarin v. Pellonari*, 625 N.E.2d 739, 746 (Ill. App. 1993); *see also* M-F-G *Corp. v. EMRA Corp.*, 626 F. Supp. 699, 707 (N.D. Ill. 1985)(citation omitted). Besides

Plaintiff's state statutory claim, she "also claim[s] that the defendants had engaged in unfair competition in violation of Illinois common law. We need not address this claim separately as the Illinois Deceptive Trade Practices Act . . . is merely a codification of the Illinois common law of unfair competition." *McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1174 n.9 (7th Cir. 1986)(citing *McDonald's Corp. v. Gunville*, 441 F. Supp. 71 (N.D. Ill. 1977), *aff'd*, 622 F.2d 592 (7th Cir. 1980)). For the same reasons explained in Section III.B.2, *supra*, Plaintiff's DTPA and common-law claims fail. Therefore, Counts IV and VI are dismissed as to all Defendants.

### b. Consumer Fraud and Deceptive Business Practices Act

Defendant argues that Plaintiff has failed to state a claim under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (the "Act")(Plaintiff's Complaint incorrectly cites to 815 ILCS 510/2-3, which is the DTPA). The Act requires: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) the deception occurred in the course of conduct involving trade and commerce. *See Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996). Plaintiff fails to plead any facts that indicate CAR intended for Vincent to rely on the deception, assuming that the deceptive act was to advertise and sell unauthorized copies of Plaintiff's book.

A defendant can also be liable for "deceptive trade practices" if the defendant "used or employed any practice described in Section 2 of the DTPA." *Microsoft*, 2003 WL 22038593, at *12. Therefore, using the DTPA analysis, see Section III.B.3.a, *supra*, Count V is dismissed as to all Defendants.

### 4. Relief Requested

Plaintiff also seeks particular relief that the Court has no power to grant. Plaintiff asks the Court to "instruct the Higher Learning Commission to withdraw accreditation approval" from Defendants and to suspend Defendants' Illinois licenses. (Complaint at 15-16). Accordingly, the Court strikes the above requested relief.

### IV. CONCLUSION

For the reasons stated herein, all Counts against Wright and the City of Chicago are dismissed. Counts II through VI against all Defendants are dismissed. Accordingly, Wright's Motion to Dismiss is **GRANTED**, and CAR's Motion to Dismiss is **GRANTED IN PART**, leaving only Count I of Plaintiff's Complaint.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 6, 2005