IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERONICA VINCENT,

        Plaintiff,

v.

HAROLD WASHINGTON COLLEGE,
EZEKIAL (ZEKE) MORRIS, CHICAGO
ASSOCIATION OF REALTORS a.k.a.
REAL ESTATE EDUCATION COMPANY,

        Defendants.

Case No. 04 C 7641

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The plaintiff, Veronica Vincent (hereinafter, "Vincent"), originally filed a six-count *pro se* complaint against the City of Chicago and other defendants, including the Board of Trustees of Illinois Community College District No. 508, d/b/a Harold Washington College, Ezekiel Morris (hereinafter, "Morris"), and the Chicago Association of Realtors a/k/a Real Estate Education Company, for copyright and service mark infringement, false advertising, Illinois common-law unfair competition, and Illinois deceptive business and trade practices.

The Court dismissed the City of Chicago and certain other defendants and all counts except copyright infringement against Harold Washington College, Morris and the Chicago Association of

Realtors. These remaining defendants have now filed motions for summary judgment on the remaining copyright count.

## II. **DISCUSSION**

The facts underlying this case have been taken from the parties" Rule 56.1(A)(3) statements. Vincent has not specifically responded to the Defendants' statements thus admitting all of the facts well pled. She has however filed her own statement of facts to which the Defendants have responded. There are, however, no serious discrepancies between the parties' versions of the facts.

It appears that Vincent, a licensed real estate agent, taught a class at several community colleges entitled "Smart Foreclosure Buying." She used as her "text" book a book using the same name. She registered two different versions of the book with the copyright office of the United states in 1992 and 1994. A number of substantive changes to the book occurred during the time frame of 1997 and 2003, but Vincent did not apply for a copyright for any of the new versions of her book. She did not register the mark "Smart Foreclosure Buying" and did not ever affix any symbol next to the title on her book indicating any intent on her part to claim trademark protection. She entered into an oral agreement with Real Estate Education Company (the "REEC") that she says had six elements: The REEC would be allowed to print and sell copies of Vincent's book to its students, it could retain 10 copies of the book for Vincent's students, REEC would not stockpile books

printing only enough for its classes, REEC would pay Vincent a 15% royalty fee, Vincent would retain ownership and control of the book, and termination of the contract must be in writing.

In 2001 Vincent apparently attempted to terminate the agreement with REEC but unknown to her, Chicago Association of Realtors had acquired REEC and moved its offices to another location. Vincent claims that she terminated the agreement by faxing a termination letter to the REEC. However the REEC, now owned by Chicago Association of Realtors, contends that it did not receive the fax. Vincent was not able to come with any proof that the fax was received and failed to rebut REEC's statement that on the date she claims to have faxed the document, the number she used was no longer in working order. It was not until 2003 that Chicago Association of Realtors learned of Vincent's termination. During that period it sold approximately 50 copies of the book for which it offered to pay Vincent her 15% royalty but which she has declined to accept this offer.

During the period 1992 to 1994, Vincent taught a continuing education workshop at Harold Washington College and various other City Colleges of Chicago entitled "Smart Foreclosure Buying." Harold Washington continued to offer the course "Smart Foreclosure Buying" after Vincent stopped teaching there. The Defendant Morris taught the course for Harold Washington from 2001 through 2004. The course title remained "Smart Foreclosure Buying" until 2004

when Harold Washington ceased using it after Vincent threatened to file a $2 million dollar lawsuit. Morris obtained materials for his course from his attorney and did not use Vincent's book for his course. Specifically, Vincent has admitted that neither Harold Washington nor Morris has violated her copyright but continues to claim that they violated her service mark, through the course title, even though the Court has previously dismissed her service mark claim.

All Defendants have filed Motions for Summary Judgement which are hereby granted.

Vincent has conceded that Defendants Harold Washington College and Morris did not violate her copyrights. The Court had previously granted their Motion to Dismiss the service mark claim due to the fact that Vincent was unable to allege that she had any prior protectable rights in the trademark. *Microsoft Corp. v. V3 Solutions, Inc.*, No. 01 C 4693, 2003 WL 22038593, at *7 (N.D. Ill. Aug. 28, 2003). Accordingly, Summary Judgment is granted in favor of Harold Washington College and Morris.

The Motion is granted in favor of Chicago Association of Realtors (the "CAA") because the violations claimed by Vincent occurred during the time in which the license agreement between Vincent and CAA was still in existence. Although she apparently attempted to terminate the license in 2001, no written termination letter was ever served on the CAA. She faults the CAA for failing

to notify her of its new address but she failed to show that it had any obligation to do so under its license agreement with her. She was asked repeatedly in her deposition and in interrogatories for proof of service of her 2001 termination letter but was not able to produce any. She also failed to respond to the CAA's statements of material facts in which it alleges that no fax could have been received by it because the fax machine at the number allegedly used by Vincent was unplugged and placed out of service prior to her attempted service. It had no notice until 2003 when it did receive a termination letter from Vincent. It immediately discontinued sale of Vincent's text after receipt of the termination letter.

### III. CONCLUSION

Accordingly, for the reasons stated herein, the Motions for Summary Judgment of the remaining Defendants, namely, the Chicago Association of Realtors, the Board of Trustees of Illinois Community College District 508 and Ezekiel Morris are granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 15, 2006