IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA VINCENT )<br>)<br>)<br>Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>HAROLD WASHINGTON COLLEGE, )<br>EZEKIAL (ZEKE) MORRIS, CHICAGO )<br>ASSOCIATION OF REALTORS a.k.a. )<br>REAL ESTATE EDUCATION COMPANY )<br><br>Defendants-Appellee, | CIVIL ACTION NO. 04 C 7641<br>APPEAL NO. 06-3082<br><br>**FILED**<br><br>JUN 1 9 2007<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT. |

## NOTICE OF MOTION

On June 26, 2007 at 9:30 a.m. or as soon thereafter as Pro-Se may be heard, I shall appear before the

Honorable Judge Harry D. Leinenweber or any Judge sitting in his or her stead in the courtroom usually

occupied by him or her in room 1946, United States District Court, 219 South Dearborn, Chicago,

Illinois 60602 and then and there present the attached **MOTION FOR SUMMARY JUDGMENT**

**AND FINAL JUDGMENT FOR DAMAGES**, a copy of which is here by served upon you.

Submitted by:

*/s/ Veronica Vincent*
Veronica Vincent
Pro-Se/ Plaintiff/Appellant

Veronica Vincent
112 W Madison
Oak Park, Illinois 60302
(708) 848-7300

1.

Plaintiff Veronica Vincent, Pro-Se/Appellant is requesting that the Federal District Court grant Summary Judgment and Final Judgment for Damages in favor of the Plaintiff and against the Defendants CAR/REEC and the Chicago City Colleges ( Harold Washington College, Wilbur Wright, and Ezekiel Morris).

This District Court already has in it's procession Plaintiff's original request for Summary Judgment, and Memorandum in Support of Plaintiff's Arguments filed April 2006 and rejected by this court May 2006. The Appellate Court in it's decision posted on April 30, 2007 reversed the District Court's decision granting Summary Judgment to Defendants CAR/REEC, and the Chicago City Colleges. In effect it also reversed District Court's rejection of Summary Judgment in favor of the Plaintiff.

Justice would best be served by now doing what should have been done in the beginning of this case in January 2005; the rendering of a fair judgment based on the fact and evidence of this case. The Plaintiff's rights and ownership of "Smart Foreclosure Buying" copyright and service mark, internet domain, any and all other products; are exactly the same today (4 yrs later) as it has been since 1992. Each of the Defendants in this case was given 4 years to produce evidence in support of their case that would be strong enough to get a ruling in their favor. Each Defendant failed to prove their case, justify their illegal use and profit. No amount of attorneys, evidence, witnesses, or expert testimony can change the outcome of this case, and therefore it is just and proper to grant Summary Judgment in favor of the Plaintiff.

## Secondary Meaning

Plaintiff's copyright and service mark "Smart Foreclosure Buying" has acquired a secondary meaning in the field of real estate since 1992. Prior to the filing of this case the Plaintiff's service mark meet the

legal standard for a service mark and has been in used in commerce since 1992. Plaintiff's copyright and service mark are stated the same. Each and every time the copyright of "Smart Foreclosure Buying" is used, advertised, printed, sold, or distributed; the service mark "Smart Foreclosure Buying" was also being used. It was the combination of the Plaintiff's use of "Smart Foreclosure Buying" in the classes she taught at the University of Illinois at Chicago for (6) years and at the Chicago City Colleges; the illegal uses by the Chicago City Colleges and Real Estate Education Company; that gave "Smart Foreclosure Buying" it's national and global secondary meaning. Plaintiff's service mark can be searched on the largest internet search corporation "Google", making "Smart Foreclosure Buying" available to the world.

The Plaintiff's service mark "Smart Foreclosure Buying" acquired a secondary meaning also in the field of law. It is because of this case, and it's Appellate Court decision that will place the Plaintiff's name, "Smart Foreclosure Buying" service mark in the law books for future lawyers to study and practicing attorneys to use in support of their cases. The Appellate Court decision appears on the law search engines and the internet search engines for all to see. So, even if the Plaintiff's service mark "Smart Foreclosure Buying" had not already acquired a secondary meaning; it will now.

## APPELLATE COURT DECISION

The Appellate Court decision in this case was posted on April 30, 2007, and it was in favor of the plaintiff except in the her case against the City of Chicago. Based on the Appellate Court decision it is just and proper to issue Summary Judgment and Final Judgment for Damages given that no amount of eye witnesses, or expert testimony can change the outcome of this case. The status of the Plaintiff's ownership in "Smart Foreclosure Buying" is the same as it was when this case began in 2003. The

Appellate Court agreed that all of the Defendants evidence and testimony is in the Plaintiff's favor. No reasonable jury would rule in favor of any of the Defendants.

**Relief Sought**

Plaintiff seeks the follow relief:

1. Plaintiff ask the District Court to render a decision of Summary Judgment and Final Judgment for Damages in favor of the Plaintiff and against the Defendants CAR/REEC, and Chicago City Colleges (Morris, Harold Washington College and Wilbur Wright College).

2. That the District Court render a judgment for damages in favor of the Plaintiff according to 17 U.S.C. § 504(c)(2)(2000) taking into account that each of the Defendants infringement was willful, deliberate with the intent that their students would rely on its false advertisement allowing them to make money to which they were not entitled, and the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000 per infringement.

3. That the District Court charge Defendants Harold Washington, Wilbur Wright, Morris with service mark infringement of "Smart Foreclosure Buying" and charge Defendant CAR/REEC with copyright, service mark infringement, and plagiarism along with any and all other counts that would apply in this case.

4. That the District Court charge each of the Defendants with the maximum amount of statutory damages allowed by law, along with but not limited to triple and punitive damages for the willful and reckless disregard for the Plaintiff's rights in "Smart Foreclosure Buying".

5. That the District Court grant the Plaintiff the right of trial by jury against Defendants Chicago City Colleges (Harold Washington College and Wilber Wright College) and CAR/REEC according to the Federal Rules of Civil Procedure Rule 38 (b)(1) and Rule 39 (a) if it is determined that Summary Judgment and Final Judgment for Damage is not proper at this time.

Respectfully Submitted

By: *Veronica Vincent*
Veronica Vincent - Pro Se / Appellant

Veronica Vincent
112 W Madison
Oak Park, Illinois 60302
(708) 848-7300

## Certificate of Service

I, do hereby certify that a copy of the foregoing Motion has been duly served on the attorneys listed below, by Express Mail, and or fax by 5:00 p.m. on the 26th day of June 2007.

*Veronica Vincent*
Veronica Vincent Pro-Se / Appellant

## Mailing List

1.) Lewis T. Steadman Jr.
Holland & Knight LLC
131 S. Dearborn 30th fl
Chicago, Illinois  60603

2.) Jennifer A. Valentine
City Colleges of Chicago
226 W Jackson Blvd Ste 1447
Chicago, Illinois  60606-6998

3.) Alan S. King/Carrie E. O'Brien
Gardner Carton & Douglas LLP
191 N. Wacker Dr.  Ste 3700
Chicago, Illinois  60606

4.) Peter M. Friedman
Holland & Knight LLC
131 S. Dearborn 30th fl
Chicago, Illinois  60603